[Doc. No. 57]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN MCLAUGHLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ATLANTIC CITY, et al.,<br><br>　　　　Defendants. | Civil No. 05-2263 (RMB) |

**OPINION AND ORDER**

　　This matter is before the Court on plaintiff's Motion to Compel the Mental Examination of Defendant Domenic Raddi Pursuant to Federal Rule of Civil Procedure 35. [Doc. No. 57]. The motion is opposed by Officer Raddi [Doc. No. 58], the City of Atlantic City and Arthur C. Snellbacker (Atlantic City Police Commissioner) [Doc. No. 59]. For the reasons to be discussed, plaintiff's motion is DENIED.

　　The complaint in this matter was originally filed in the United States District Court for the Eastern District of New York but was transferred to this court on April 27, 2005. [Doc. No. 16]. In brief summary, plaintiff alleges that on October 12, 2003, Officer Raddi, among others, used excessive force in arresting him on the Atlantic City Boardwalk. Officer Raddi argues that the incident in question "arises from a bachelor party for one of the Plaintiff's relatives that 'got out of hand'." (Brief at 1). Defendants allege that force was required to subdue the plaintiff due to the fact that plaintiff did not comply with the orders of

the police and attempted to assault Officer Raddi. (Id.)  In addition to the claim against Officer Raddi, plaintiff also sued the City of Atlantic City and another police officer, Michael Camp. Plaintiff alleges that Atlantic City failed to properly train, hire and supervise Officers Raddi and Camp.  Plaintiff also alleges that Officer Raddi had a history of psychological problems that made him unfit to be a police officer and that this was well known to Atlantic City.  (Id. at 2).

During the course of discovery plaintiff obtained psychiatric and psychological records from at least three medical professionals who treated and/or evaluated Officer Raddi: Dr. Amita Talati, Dr. Dorothy C. Saynisch and Dr. Gary Glass.  These records comprise approximately fifty (50) pages of typed and handwritten notes documenting in detail numerous examinations and evaluations of Officer Raddi from March, 1996 to February, 2005.  Dr. Talati met with Officer Raddi over several sessions between February and April of 2004.  Officer Raddi was also seen by Dr. Saynisch for five sessions from March through July, 2004.  According to plaintiff, Dr. Glass evaluated Officer Raddi on March 4, 1996 and February 7, 2005, "at the request of the Atlantic City Police Department in order to determine whether he suffered from any psychiatric or emotional condition that could impair his ability to function as a police officer."  (Brief at 4).

In connection with its prosecution of this case plaintiff retained an expert in the field of psychiatry, Luciano Lizzi, M.D., J.D., to review Officer Raddi's records.  Dr. Lizzi's February 19, 2007 letter to plaintiff's counsel reads as follows:

2

> ... I reviewed the psychiatric and psychological evaluations of Mr. Dominic Raddi as well as several legal documents. You had requested whether it would be necessary to perform a psychiatric evaluation of Mr. Raddi at this time. After a review of his records I believe a current psychiatric evaluation of Mr. Raddi is necessary. This is based on the fact that the evaluations by Amita Talati, MD and Dorothy C. Saynisch, Ph.D. are somewhat cursory and consequently an appreciation of Mr. Raddi's mental health condition can only be obtained by a more recent and more in depth evaluation.
>
> Furthermore, I believe that the psychiatric evaluations by Gary Glass, MD, although thorough, were performed on March 4, 1996 and February 25, 2005, nearly ten years apart. His diagnoses differ with each report and also are at variance with Dr. Saynisch's evaluation.
>
> Consequently I recommend a new evaluation of Mr. Raddi to clarify these issues.

<u>See</u> Exhibit E to Plaintiff's Brief.  Plaintiff relies on Dr. Lizzi's letter to support his argument that this Court should order a psychiatric examination of Officer Raddi.

<u>Discussion</u>

Plaintiff correctly points out that his request to compel the mental examination of Officer Raddi is controlled by Fed. R. Civ. P. 35(a) which reads:

> When the mental or physical condition ... of a party ... is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties....

The determination of whether a mental examination should be ordered

requires a fact intensive analysis. See Ziemann v. Burlington County Bridge Commission, 155 F.R.D. 497, 501 (D.N.J. 1994). Whether to order an examination is ultimately left to the sound discretion of the court. See Bowen v. Parking Authority of City of Camden, 214 F.R.D. 188, 191 (D.N.J. 2003).

The seminal case interpreting Rule 35 is Schlagenhauf v. Holder, 379 U.S. 104 (1964). This case arose out of a lawsuit filed by a passenger on a Greyhound bus that was rear-ended by a tractor-trailer. In the lower court action the court ordered the bus driver to submit to mental and physical examinations requested by the owner of the tractor. The Supreme Court addressed the issue after the Circuit Court of Appeals denied the bus driver's application for mandamus. The Supreme Court vacated the Circuit Court's decision and remanded the case to the District Court for re-examination of its decision in light of the guidelines the Court formulated.

The decision in Schlagenhauf addressed several key points that are applicable to plaintiff's motion. First, the Supreme Court held that Rule 35 is as equally applicable to a defendant as it is to a plaintiff. 379 U.S. at 112. ("Rule 35 on its face applies to all 'parties' which under any normal reading would include a defendant"). Second, the Supreme Court ruled that before a mental examination may be ordered it is not enough to show that the examination is merely relevant to the issues in the case. Instead, a mental examination may be ordered only when the mental condition of a party is "in controversy" and there is "good cause" to order the examination. Id. at 118. These requirements, "are not met by

4

mere conclusory allegations of the pleadings-nor by mere relevance to the case-but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Id.  Third, the Supreme Court described the scrutiny a court must apply before ordering a Rule 35 examination: "[m]ental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule.  To hold otherwise would mean that such examinations could be ordered routinely....  The plain language of Rule 35 precludes such an untoward result." Id. at 121-122.

The requirement in Rule 35 that the mental condition of a party be "in controversy" is not a "mere formality." Id. at 118. In this case, Officer Raddi has not placed his mental condition at issue either in support of or in defense of a claim.  Therefore, it is plaintiff's burden to make an affirmative showing that Officer Raddi's mental condition is in controversy. Id. at 119.  This is not met by "mere conclusory allegations of the pleadings-nor by mere relevance to the case." Id. at 118.

Although in most instances Rule 35 motions are directed to a plaintiff (see, e.g., Bowen, supra; Ziemann, supra), there is no serious question in this case that Officer Raddi's mental condition is "in controversy."  In fact, the gravamen of plaintiff's case appears to be that Officer Raddi was psychologically unfit to be a police officer on October 12, 2003, and this was known by Atlantic

5

City.[1]  If plaintiff's complaint merely contained a general allegation that Officer Raddi suffered from psychological problems, and no evidence was proffered to support this allegation, the Court would be hesitant to rule that the "in controversy" requirement was met.  In such an instance, the Court does not believe Officer Raddi's mental condition would be "really and genuinely in controversy."  However, plaintiff is not merely relying upon general allegations. Instead, plaintiff has produced Officer Raddi's medical records which affirmatively demonstrate that from at least as early as 1996 his psychological fitness to be a police officer was questioned.  This Court is not deciding whether Officer Raddi's problems existed in October, 2003.  However, it is plain that plaintiff has presented sufficient evidence to support its claim that Officer Raddi's mental condition on October 12, 2003 is "in controversy" in the case.

Nonetheless, plaintiff's satisfaction of the "in controversy" requirement of Rule 35 is not determinative.  Plaintiff must also show there is "good cause" to order a defense mental examination.  Plaintiff has not satisfied this burden.  Simply stated, plaintiff has not provided credible evidence that an examination of Officer Raddi in April 2007 is relevant to determining his mental status on

---

1. Plaintiff argues, " Officer Raddi's superiors and employer were aware, at the time Plaintiff's civil rights were violated, that numerous complaints had been filed against Officer Raddi during the tenure of his employment for using excessive force, and that he had an extensive history of diagnosed psychiatric disorders." (Brief at 2).  Plaintiff also argues, "the excessive force allegations levelled [sic] against Officer Raddi over the preceding decade resulted in mandatory psychiatric evaluations dating back to 1996, which revealed that Officer Raddi was unfit to serve as a police officer." (Id.)

6

October 12, 2003. Dr. Lizzi, plaintiff's psychiatric expert, does not squarely address this issue. Dr. Lizzi's conclusory statement that "a current psychiatric evaluation of Mr. Raddi is necessary" is not adequate to satisfy plaintiff's affirmative burden of showing good cause for the examination. This Court is not requiring plaintiff to prove his case on the merits in order to order a Rule 35 mental examination. Id. at 119. However, plaintiff must produce more than conclusory statements by a psychiatric expert to support its burden of proof. This Court would be usurping its obligation to perform a "discriminating application" of the requirements of Rule 35 if it granted plaintiff's motion based on Dr. Lizzi's general statement.

Plaintiff argues that Officer Raddi's mental examination is necessary, "[i]n light of the different opinions offered by Drs. Glass, Talati and Saynisch, as well as lack of substantive analysis conducted by Drs. Talati and Saynisch in 2004." (Brief at 6.) Plaintiff's burden to show "good cause" to examine Officer Raddi is not satisfied by the fact that the diagnoses of medical professionals may differ. The difference of opinion may be caused by a change in Officer Raddi's condition, or it may simply reflect the fact that different medical professionals looking at the same facts may reach different conclusions. This difference of opinion does not necessitate that yet another examination be done, especially when the purpose of the exam is to give an opinion of the patient's mental status 3½ years ago. Furthermore, after reviewing Officer Raddi's records, the Court does not agree with Dr. Lizzi that Officer Raddi's doctors did not do a "substantive

7

analysis." The referenced records contain detailed notes of Officer Raddi's examinations along with the examiner's candid impressions and conclusions. All of these records are available to Dr. Lizzi. Plaintiff also argues that Officer Raddi's mental examination is necessary because "Officer Raddi was not completely candid and accurate in the information he provided in 2004." (Brief at 8). While this statement may or may not be accurate, it is irrelevant to plaintiff's motion. Plaintiff and Dr. Lizzi may test Officer Raddi's credibility at trial by referring to his deposition testimony, medical records and other discovery conducted in the case.

Although there are not a lot of reported New Jersey cases addressing Rule 35, the Rule has been interpreted in legions of cases decided around the country. One common theme running through these decisions, which this Court agrees with, is that a request to examine a party will be denied when the information that can be obtained from a Rule 35 examination is available through other means.[2] This is precisely the situation that exists in this case.

---

2. See Acosta v. Tenneco Oil Co., 913 F.2d 205, 209 (5th Cir. 1990)(defendant's request to take the vocational examination of plaintiff denied since defendant already had the information it needed to pursue its defense without a repetitive examination of the plaintiff); Storms v. Lowe's Home Centers, Inc., 211 F.R.D 296 (W.D. Va. 2002)(denying defendant's request to take the vocational examination of plaintiff because plaintiff provided Lowe's with a copy of his medical records and all other discoverable material requested by Lowe's, and plaintiff will be deposed on all relevant matters); Shumaker v. West, 196 F.R.D. 454, 457 (S.D. W. Va. 2000)(denying defendant's request to take the psychological/vocational examination of plaintiff because other "ample evidence" is "available from which Defendant can obtain the information he currently seeks"); Pearson v. Norfolk-Southern Railway Co., Inc., 178 F.R.D. 580, 582 (M.D. Ala. 1998)(denying defendant's request to take a mental examination of

8

If plaintiff believes Officer Raddi was not completely candid with his doctors, or that the doctor's examinations were not sufficiently probing, plaintiff had more than an adequate opportunity to obtain through interrogatories and depositions the identical information Dr. Lizzi proposes to obtain during his examination of Officer Raddi. Furthermore, plaintiff has not alleged that Drs. Talati, Saynisch and Glass are not available for deposition. In Bowen, supra, the court denied the defendants' request to take the plaintiff's mental examination and wrote, "[t]he finding that the defendants are not entitled to a Rule 35 mental examination does not, however, preclude the defendants from obtaining discovery concerning the plaintiff's psychiatric history." 214 F.R.D. at 195. In addition, the court ruled that the defendant was permitted to inquire into all relevant information regarding the plaintiff's mental condition, but a "fishing expedition" was not permitted. Id. These statements are as equally applicable to this case as they were in Bowen.

Throughout the course of this case plaintiff has not been barred from conducting any relevant discovery regarding Officer Raddi's mental condition. Therefore, not only has plaintiff failed to show "good cause" for Officer Raddi's mental examination, but plaintiff can obtain from other less intrusive means essentially

---

a minor child because the child's written records were available and defendant could interview relatives, friends and acquaintances concerning the child's intellectual functioning); Marroni v. Matey, 82 F.R.D. 371, 372 (E.D. Pa. 1979)(plaintiff's request to take the psychological examination of the defendant operator of a boat denied since less intrusive methods of discovery were available).

9

the same information that would be learned from Dr. Lizzi's examination.

Accordingly, for all the foregoing reasons,

IT IS hereby ORDERED this **10th** day of **April, 2007,** that

plaintiff's Motion to Compel the Mental Examination of Defendant Dominic Raddi Pursuant to Federal Rule of Civil Procedure 35 is DENIED.

> s/ Joel Schneider
> JOEL SCHNEIDER
> United States Magistrate Judge